UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO:

JAMES SERVIDORI, and all others similarly
situated under 29 U.S.C. § 216(b),

    Plaintiff(s),
v.

NOMI HEALTH, INC.,

    Defendant.
_____/

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

Plaintiff, JAMES SERVIDORI ("Plaintiff") pursuant to 29 U.S.C. § 216(b), files his Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, NOMI HEALTH, INC. ("Defendant"), and alleges the following:

**INTRODUCTION**

1. During the past three (3) years Defendant has employed more than fifty (50) individuals as Couriers throughout the State of Florida and required these Couriers to regularly travel throughout the state to deliver medical packages to various locations. Defendant unlawfully deprived Plaintiff and all other similarly situated Couriers of overtime wages in one or more workweeks during the course of their employment. This collective action arises under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §§ 201–216, to recover all applicable overtime wages that Defendant failed to pay Plaintiff and other similarly situated employees.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Brevard County, Florida, over the age of 18 years, and otherwise *sui juris.*

3. During all times material hereto, Defendant was a foreign for-profit corporation transacting business throughout the State of Florida, including within the jurisdiction of this Honorable Court.

4. Defendant may be served in the State of Florida through its registered agent CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

5. During all times material hereto, Defendant regularly supervised Plaintiff's work, set Plaintiff's schedule, and had the authority to hire and fire employees, including Plaintiff.

6. During all times material hereto, Defendant was vested with control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices and policies as they pertained to Plaintiff and similarly situated employees.

7. Defendant was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

8. The acts and/or omissions giving rise to this dispute took place within Brevard County, Florida, which falls within the jurisdiction of this Honorable Court.

9. Defendant regularly transacts business in Brevard County, Florida, and elsewhere throughout the state.

10. Therefore, jurisdiction is proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

11. Venue is also proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## PLAINTIFF'S WORK FOR DEFENDANTS

12. Defendant owns and operates a direct healthcare company that employs Couriers like Plaintiff to deliver medical packages throughout the State of Florida.

13. Plaintiff worked for Defendant as a non-exempt hourly Courier from October 18, 2021, through August 15, 2022.

14. During this time period, other similarly situated Couriers were also employed by Defendant and subjected to the same unlawful policies alleged herein.

15. Plaintiff's duties as a Courier were to transport COVID-19 vaccines, and other medical supplies, and distribute, handle, secure, and document medical packages and shipments throughout the State of Florida. Plaintiff's performance of his duties required him to travel to areas within the Southern, Middle, and Northern Districts of Florida.

16. Defendant agreed to pay Plaintiff $17.00 per hour when they hired him.

17. When Plaintiff worked in excess of forty (40) hours a week he was entitled to receive federal overtime wages at the rate of 1.5 times his regular hourly rate.

## VEHICLE REIMBURSEMENT EXPENSE ("VRE") COLLECTIVE

18. During Plaintiff's employment period, Defendant required Plaintiff and other similarly situated individuals to possess and utilize their own personal vehicles for Defendant's benefit and incur significant costs and expense in order to perform their primary duties and responsibilities as Couriers.

19. More specifically, Plaintiff and similarly situated Couriers were required to incur significant expense for gasoline, automobile insurance, mileage, and tolls.

20. Defendant was aware that Plaintiff and similarly situated Couriers incurred these expenses and failed to fully reimburse them for these expenses in weeks where Plaintiff and other similarly situated Couriers worked in excess of 40 hours per week.

21. This led to federal overtime wage violations when: (a) Plaintiff worked in excess of 40 hours; and (b) incurred any expenses which caused Plaintiff's federal overtime wages to not be "free-and-clear" and dip below the federally proscribed rate of time-and-a-half the regular hourly rate.

22. Accordingly, Plaintiff seeks to represent the following collective of similarly situated employees:

> **All Couriers employed by Defendant in the State of Florida during the previous 3-years who were required to utilize their own personal vehicle and incur expenses in any week in which they worked more than 40 hours.**

23. Collective members are treated equally and similarly in that they were denied federal overtime wages as a result of Defendant's unlawful policy which fails to compensate Couriers the appropriate federal overtime wages when they work more than forty (40) hours per week.

24. Defendant's pay policies uniformly lead to overtime wage violations with respect to each and every Courier who worked in excess of forty (40) hours per week and who was required to incur any expense in operating their personal vehicles.

25. Defendant has employed dozens, and potentially hundreds, of Couriers throughout Florida who were not paid overtime wages free-and-clear of the expenses they incurred as a result of Defendant's unlawful pay policies.

26. Plaintiff and the collective members were subjected to the same employment policies, regardless of their working location throughout the State of Florida.

27. Plaintiff and the collective members performed the same or similar job duties for Defendant and were not compensated federally mandated overtime wages during the previous three (3) years.

## NON-DISCRETIONARY BONUS COLLECTIVE

28. From November 2021 through June 2022, Defendant enacted and enforced a company-wide incentive program which provided non-discretionary bonuses to Plaintiff and other similarly situated Couriers in an effort to encourage and increase work productivity.

29. Defendant announced this non-discretionary bonus incentive to Plaintiff and similarly situated Couriers to induce them to work more steadily, more rapidly, and more efficiently.

30. The non-discretionary bonuses paid to Plaintiff and similarly situated Couriers was a minimum of $250 per month which was automatically paid to Plaintiff and similarly situated Couriers if they achieved a pre-determined volume and an additional $250 per month which was automatically paid to Plaintiff and similarly situated Couriers if they achieved a pre-determined turn-around-time target.

31. The non-discretionary bonuses paid to Plaintiff and similarly situated Couriers under this incentive program were required to be included in the calculation of the regular rate of pay when determining the applicable overtime payments owed. *See* 29 C.F.R. § 778.211.

32. Defendant failed to include the non-discretionary bonuses when calculating the regular hourly rate for purposes of determining overtime calculations for Plaintiff and other similarly situated Couriers when they worked in excess of 40 hours in a workweek.

33. Moreover, Defendant attempted to avoid inclusion of these non-discretionary bonuses by incorrectly identifying these payments as "discretionary" bonuses on Plaintiff's paystubs.

34. Accordingly, Plaintiff seeks to represent the following collective of similarly situated employees:

> **All Couriers employed by Defendant in Florida during the previous 3-years who worked more than 40 hours in a workweek and whose non-discretionary bonuses were not calculated into the overtime compensation paid**.

35. Collective members are treated equally and similarly in that they were denied proper federal overtime wages as a result of Defendants' unlawful policy which fails to compensate non-exempt Couriers the appropriate overtime wages when they work more than forty (40) hours in weeks where they received a non-discretionary bonus.

36. Defendant's pay policies uniformly lead to overtime wage violations with respect to each and every Courier who worked in excess of forty (40) hours per week and also earned a non-discretionary bonus because these bonuses were not calculated when determining the applicable regular hourly rate.

37. Defendant has employed dozens, and potentially hundreds, of Couriers throughout Florida who were not paid overtime wages that took the non-discretionary bonuses into account.

38. Plaintiff and the collective members were subjected to the same employment policies, regardless of their working location throughout the State of Florida.

39. Plaintiff and the collective members performed the same or similar job duties for Defendant and were not compensated the appropriate federally mandated overtime wages during the previous three (3) years.

## **FLSA COVERAGE**

40. Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant's business and Plaintiff's work for Defendant affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

41. During his employment with Defendant, the Plaintiff, and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: automobiles, cell phones, pencils, pens, paper, tape, envelopes, stamps, markers, staplers, staples, invoices, cash, checks, masks, cardboard, packages, vehicles, trucks, technological equipment, mail, phone chargers, phone mounts, gasoline, credit cards, debit cards, uniforms, etc.

42. Defendant also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, thus making Defendant's business an enterprise covered by the FLSA.

43. Defendant grossed or did business in excess of $500,000.00 in 2019, 2020, 2021 and is expected to gross in excess of $500,000.00 in 2022.

44. During his employment with Defendant, Plaintiff was regularly and recurrently engaged in an instrumentality of interstate commerce and subject to individual coverage, as that term is defined by the FLSA.

45. During his employment with Defendant, Plaintiff (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals; (iii) did not make any decisions of importance on behalf of Defendant; (iv) was not required to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities; and (v) drove vehicles weighing less than 10,000 pounds.

46. During all material times hereto, Plaintiff was a non-exempt employee of Defendant, within the meaning of the FLSA.

47. Defendant was aware of the requirements of the FLSA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

48. As a result of Defendant's intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 216(b)
### (VRE Collective)

49. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 48 as though set forth fully herein.

50. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

51. Plaintiff claims the applicable federal overtime wage rate for all weekly hours worked over forty (40) in one or more workweeks during his employment period.

52. Defendant refused to pay Plaintiff one-and-one-half times her regular hourly rate for some hours of work over forty (40) during her training period free-and-clear of the expenses Plaintiff incurred in the operation of his personal vehicle.

53. Defendant knew or should have known that Plaintiff incurred expenses in the operation of his vehicle during weeks in which Plaintiff performed more than 40 hours of work for Defendant.

54. Defendants failed to rectify any of the overtime wage violations described herein, even after Plaintiff told Defendant that Defendant's pay policies were unlawful.

55. Plaintiff is entitled to be reimbursed for the required vehicle expenses incurred in overtime weeks. Such expenses were incurred for Defendant's benefit, at Defendant's direction, and due to Defendant's requirement that Plaintiff use his personal vehicle for Defendant's business, where said vehicle was required for Plaintiff to perform his job.

56. Defendant willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

57. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

58. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JAMES SERVIDORI, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, NOMI HEALTH INC., and award Plaintiff: (a) unliquidated damages payable by Defendant; (b) liquidated damages, payable by Defendant; (c) reasonable attorney's fees and costs, payable by Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

**COUNT II – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 216(b)**
**(Non-Discretionary Bonus Collective)**

59. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 48 as though set forth fully herein.

60. Plaintiff alleges this action pursuant to the FLSA, 29 U.S.C. § 216(b).

61. Plaintiff claims the applicable federal overtime wage rate for all weekly hours worked over forty (40) in one or more workweeks during his employment period.

62. Defendant refused to include non-discretionary bonuses when calculating the regular hourly rate for Plaintiff in weeks where he earned these non-discretionary bonuses and worked over forty (40) hours.

63. Accordingly, Defendant failed to compensate Plaintiff the appropriate overtime premium when Plaintiff worked in excess of 40 hours in one or more workweeks of his employment.

64. Defendant knew or should have known of the work Plaintiff performed for Defendant that exceeded 40 hours in per week.

65. Defendant knew of should have known that it was compensating Plaintiff non-discretionary bonuses that were required to be included in the calculation of Plaintiff's regular hourly rate for purposes of determining the federal overtime wages owed to Plaintiff.

66. Defendant failed to rectify any of the overtime wage violations described herein, even after Plaintiff told Defendant that Defendant's pay policies were unlawful.

67. Defendant willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

68. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

69. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JAMES SERVIDORI, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, NOMI HEALTH INC., and award Plaintiff: (a) unliquidated damages payable by Defendant; (b) liquidated damages, payable by Defendant; (c) reasonable attorney's fees and costs, payable by Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JAMES SERVIDORI, demands a trial by jury on all appropriate claims.

Dated: August 18, 2022

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS- JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: /s/ *Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
Jordan@jordanrichardspllc.com
Jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on August 18, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: