# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JAMES SERVIDORI, CHRISTINE BYRON, RUTH ROWE and DENNIS WITZKE,**

        **Plaintiffs,**

**v.**                                                                           **Case No: 6:22-cv-1475-WWB-DCI**

**NOMI HEALTH, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Unopposed MOTION for Conditional Certification Pursuant to 29 U.S.C. § 216(b) (Doc. 34)** |
| **FILED:** | **November 30, 2022** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**. | |

### I.  Background and Procedural History

On August 18, 2022, James Servidori (Plaintiff Servidori) filed a Complaint against Nomi Health, Inc. (Defendant) alleging a cause of action for unpaid overtime wages pursuant to the Fair Labor Standards Act (FLSA) on behalf of himself and similarly situated "Couriers employed by Defendant in the State of Florida during the previous 3-years who were required to utilize their own personal vehicle and incur expenses in any week in which they worked more than 40 hours." Doc. 1. Plaintiff alleges that during Plaintiff's employment, Defendant required Plaintiff and other

similarly situated individuals to possess and utilize their own personal vehicles for Defendant's benefit and to incur significant cost and expense to perform duties. *Id*. at 3. Plaintiff contends that Defendant required these employees to incur the expense for gasoline, automobile insurance, mileage, and tolls, and Defendant "failed to fully reimburse them for these expenses in weeks where Plaintiff and other similarly situated Couriers worked in excess of 40 hours per week." *Id*. at 3-4. As such, Plaintiff, and others, worked in excess of 40 hours and "incurred expense which caused Plaintiff's federal overtime wages to not be 'free-and-clear' and dip below the federally proscribed rate of time-and-a-half the regular hourly rate." *Id*. at 4.

Further, Plaintiff claims that Defendant enforced a company-wide incentive program, which provided non-discretionary bonuses. *Id*. Plaintiff alleges that the non-discretionary bonuses were a minimum of $250.00 per month, which was automatically paid if a pre-determined volume was achieved and an additional $250.00 per month automatically paid if a pre-determined turn-around-time target was achieved. *Id*. at 5. Plaintiff asserts that pursuant to 29 C.F.R. § 778.211, Defendant was required to include the bonuses in the calculation of the regular rate of pay when determining the applicable overtime payments, which Defendant failed to do. *Id*.

In sum, the Complaint includes two counts for relief for federal overtime wage violations pursuant to 29 U.S.C. § 216(b). *Id*. at 8-11. Since the filing of the Complaint, Plaintiff filed Notices of Consent on behalf of Christine Byron, Ruth Rowe, Dennis Witzke, and Christopher Hicks (the Opt-In Plaintiffs). Docs. 12-14, 35.

On September 1, 2022, Plaintiff Servidori filed a motion for conditional certification. Doc. 15. While the motion was pending, Plaintiff Servidori filed a joint notice of resolution of that motion upon which the undersigned directed the parties to file a joint motion concerning the resolution and found that Plaintiff Servidori's then-pending motion for conditional certification

was moot. Docs. 25, 26, 29. On November 23, 2022, the Court denied the parties' joint motion for conditional certification because it called for the Court to refer to prior briefing to consider the merits of the motion in violation of Local Rule 3.01(a). Doc. 33.

Pending before the Court is Plaintiff Servidori's Unopposed Motion for Conditional Certification of Collective Action Pursuant to § 216(b). Doc. 34 (the Motion).[1] Plaintiff moves to conditionally certify the following two "collectives of similarly situated Couriers":

> VRE Collective: All Couriers employed by Defendant in the State of Florida during the previous 3-years who were required to utilize their own person vehicle and incur expenses in any week in which they worked more than 40 hours.
>
> Non-Discretionary Bonus Collective: All Couriers employed by Defendant in the State of Florida during the previous 3-years who worked more than 40 hours in a workweek and whose non-discretionary bonuses were not calculated into the overtime compensation paid.

*Id*. at 2. According to the Motion, all Couriers have substantially similar duties, were required to possess and utilize their own personal vehicle for Defendant's benefit, incur expenses, and regularly performed more than 40 hours of work per week, and multiple Couriers earned non-discretionary bonuses which were not included in the regular hourly rate where Plaintiffs worked in excess of 40 hours. *Id*.

The Motion provides that the parties have conferred and agree on the form of notice to be sent to the potential plaintiffs as well as the procedures that should govern, and "[t]he [p]arties hereby submit, for the Court's consideration, a jointly proposed opt-in notice and dissemination plan." *Id*. at 7. According to the Proposed Notice attached to the Motion, "[a]ll current and former

---

[1] According to the Motion's Local Rule 3.01(g) certification, "[s]olely for purposes of efficiency and expediency—and without waiving any rights or admitting that individuals are, in fact, similarly situated—Defendant does not oppose entry of an order granting conditional certification and authorizing the dissemination of notice to the VRE Collective and Non-Discretionary Bonus Collective. Defendant reserves the right to move for decertification at a later stage." *Id*. at 9.

Couriers who worked in Florida since August __, 2019 are potential members of the case." Doc. 34-1 (Proposed Notice).

For the reasons stated in this Report, the undersigned recommends that conditional certification be authorized but the Proposed Notice be edited in two respects.

## II.     Standard

Though the parties agree that conditional certification is warranted at this juncture—the Motion is unopposed—the Court must still determine whether certification is appropriate. *See Madison v. United Site Servs. of Fla., Inc.*, 2017 WL 11037929, at *2-3 (M.D. Fla. July 5, 2017) (rejecting a stipulation for conditional certification); *see also Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001) (finding that the decision to conditionally certify a collective FLSA action lies within the sound discretion of the district court.). As such, the undersigned turns to the merits of Plaintiff Servidori's request for relief.

"The FLSA authorizes collective actions against employers accused of violating the FLSA." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008) (citing 29 U.S.C. § 216(b)). "Certification of collective actions in FLSA cases is based on a theory of judicial economy, by which '[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity.'" *Hart v. JPMorgan Chase Bank, N.A.*, 2012 WL 6196035, at *3 (M.D. Fla. Dec. 12, 2012) (quoting *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)) (alterations in original).

The Eleventh Circuit has sanctioned a two-stage approach for determining whether to certify an FLSA collective action pursuant to section 216(b): (1) the notice stage; and (2) the decertification stage. *Morgan*, 551 F.3d at 1260. The first stage is the "notice" or "conditional certification" stage, where "the district court makes a decision—usually based only on the

pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members." *Hipp*, 252 F.3d at 1218 (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995)). "A plaintiff has the burden of showing a reasonable basis for his claim that there are other similarly situated employees" who, if notified, would opt into the action. *Morgan*, 551 F.3d at 1260 (internal quotation marks and citation omitted). "Because the court has minimal evidence" at the notice stage, the reasonable basis standard is "fairly lenient" and "typically results in 'conditional certification' of a representative class." *Hipp*, 252 F.3d at 1218 (quoting *Mooney*, 54 F.3d at 1213–14). "If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in'" and "[t]he action proceeds as a representative action throughout discovery." *Id*.

The second stage is the "decertification" stage, so named because it is triggered by a defendant's motion to decertify the representative class "after discovery is largely complete and the matter is ready for trial." *Id*. The decertification stage is "less lenient" than the notice stage and the named plaintiff "bears a heavier burden." *Morgan*, 551 F.3d at 1261.

This case is currently at the "notice stage."

### III. Discussion

To prevail on the Motion, Plaintiff Servidori must show a reasonable basis for the claim that other employees are: (1) interested in opting into this action; and (2) similarly situated. *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991).

#### A. Interested Employees

The named plaintiff seeking conditional certification bears the threshold burden of demonstrating actual interest in the action. *Vondriska v. Premier Mortg. Funding, Inc.*, 564 F.Supp. 2d 1330, 1334 (M.D. Fla. 2007). This burden is "not onerous." *Kubiak v. S.W. Cowboy,*

*Inc.*, 2014 WL 2625181, at *8 (M.D. Fla. June 12, 2014) (citation omitted). A plaintiff can demonstrate actual interest with affidavits, consents to join, and other evidence from non-named employees interested in opting into the action. *See Vondriska*, 564 F.Supp. 2d at 1334.

Here, Plaintiff Servidori contends that the similarly situated employees have shown a desire to opt-in. Doc. 34 at 6. In support, Plaintiff Servidori claims that he has presented evidence that others wish to join because 3 additional Opt-in Plaintiffs have filed consent to sue forms. *Id*. at 6. The undersigned notes that after Plaintiff Servidori filed the Motion, he filed another Notice of Consent to Join. Doc. 35. Further, Plaintiff Servidori and two of the Opt-in Plaintiffs have submitted declarations in support of conditional certification. Docs. 15-1, 15-2, 15-3 (the Declarations).

With respect to the consent to join, "[e]xamples of cases where a small number of opt-in plaintiffs satisfied the threshold of interest required for a collective action are numerous." *Kubiak*, 2014 WL 2625181, at *9 n.24 (collecting cases). There is no magic number at the notice stage, and four Opt-in Plaintiffs have already joined. The Notices of Consent reflect that the Opt-in Plaintiffs work or worked as Couriers for Defendant in the State of Florida and include statements regarding the utilization of personal vehicles and non-discretionary bonuses. *See* Docs. 12-1, 13-1, 14-1, 35-1. The undersigned finds that the presence of five Plaintiffs (Plaintiff Servidori and Opt-in Plaintiffs) who raise the same claim shows the requisite interest at this early stage of litigation. *See White v. SLM Staffing, LLC*, 2016 WL 4382777, at *2 (M.D. Fla. Aug. 17, 2016) (finding that six notices of consent to join provided a reasonable basis that other employees desired to opt-in); *see also Garner v. Aztec Plumbing, Inc.*, 2022 WL 4463566, at *3 (M.D. Fla. Sept. 26, 2022) (finding that the plaintiff met the first requirement of the notice stage by presenting four individuals who have opted-in and consented to join the class); *Diggs v. Ovation Credit Servs.*, 2019 WL 4673813,

at *5 (M.D. Fla. Sept. 25, 2019) ("Indeed, many district courts have found a plaintiff to have carried the burden based on the existence of only a few other similarly situated workers" (citing *Gonzalez v. TZ Ins. Solutions, LLC*, 2014 U.S. Dist. LEXIS 40188, at *2 (M.D. Fla. Mar. 26, 2014));

The Declarations also describe how other Couriers were similarly paid and reimbursed and attest that other current and former Couriers who Defendant employed would desire to opt-in if given notice of the right to do so. *See* Docs. 15-1, 15-2, 15-3. As such, the undersigned finds that the Declarations lend additional support to the assertion that others are interested in the action. *See e.g.*, *Robbins-Pagel v. WM F. Puckett, Inc.*, 2006 WL 3393706, at *2 (M.D. Fla. Nov. 22, 2006) (finding that three affidavits alleging claims of unpaid overtime was sufficient to establish that other individuals were interested in joining the action); *Gonzalez v. TZ Ins. Solutions, LLC*, 2014 WL 1248154, at *2 (M.D. Fla. Mar. 26, 2014) (deciding that the presence of five opt-in plaintiffs, each having filed a declaration describing their working conditions and their desire to join in this suit, satisfies the court that others desire to join the action); *Dieujuste v. R.J. Elec., Inc.*, 2007 U.S. Dist. LEXIS 100531, at *8-9 (S.D. Fla. Aug. 21, 2007) (granting conditional certification when two individuals sought overtime wages against the same employer and each filed a declaration); *Monserrate v. Hartford Fire Ins. Co.*, 2015 WL 4068388, at *3 (M.D. Fla. July 1, 2015) (finding sufficient interest for a localized class with expressed interest from five non-named employees who submitted consents to join and affidavits).

In sum, the undersigned recommends at this early stage in litigation that Plaintiff Servidori has sufficiently shown current interest for the class through the Notices of Consent and the Declarations. Again, while not dispositive, Defendant does not oppose the Motion and there is nothing to rebut the allegation that others are interested in opting into this lawsuit.

### B. Similarly Situated Employees

Plaintiff Servidori claims that the second prong of the two-tiered approach is met because the Couriers are similarly situated. The undersigned agrees. Plaintiff Servidori's position need only be "similar, not identical to the positions held by the putative class members." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). The Court looks to pay provisions and job requirements to assess similarity. *See Dyback*, 942 F.2d at 1568. "Even a single affidavit or consent to join submitted by another individual stating that they are similarly situated and wish to join the suit is enough to bring the [p]laintiff's contentions [of] similarity above pure speculation." *Rivera v. Cemex, Inc.*, 2006 WL 3388455, at *1 (M.D. Fla. Nov. 21, 2006). "Job duties, pay provision, and whether the employees were subject to a common policy that is the basis for the alleged FLSA violation are factors to be considered in determining whether Plaintiff is similarly situated to the proposed class." *Reese v. Fla. BC Holdings, LLC*, 2018 WL 1863833, at *4 (M.D. Fla. Mar. 16, 2018), *report and recommendation adopted by* 2018 U.S. Dist. LEXIS 73892 (M.D. Fla. Apr. 30, 2018) (citing *Allen v. Hartford Fire Ins. Co.*, 2017 WL 3701139, at *7 (M.D. Fla. Aug. 25, 2017)).

At the center of this litigation is the allegation that Defendant has employed Couriers throughout Florida to travel and deliver medical packages but has failed to pay the necessary overtime wages (taking into account non-discretionary bonuses) to similarly situated Couriers and fully reimburse for expenses in violation of the FLSA. Doc. 1 at 1, 3. Plaintiff Servidori worked for Defendant from October 2021 to August 2022 as a Courier. Doc. 15-1. According to the Declarations, Opt-in Plaintiffs Byron and Rowe worked as Couriers for Defendant from December 2021 to present and November 29, 2021 until August 16, 2022 respectively. Docs. 15-2, 15-3. The Notices of Consent reflect that Opt-in Plaintiff Witzke worked as a Courier for Defendant from

February 2022 to May 2022 and Opt-in Plaintiff Hicks worked as a Courier for Defendant from January 31, 2022 through the present.  Docs. 14-1, 35-1.

As to job requirements, Plaintiffs assert in the Declarations that Defendant requires Couriers to possess, utilize, insure, and register their own personal vehicle for Defendant's benefit.  Docs. 15-1, 15-2, 15-3.  Plaintiffs also claim in the Declarations that Defendant requires Couriers to transport, handle, and distribute vaccines and medical supplies throughout the State of Florida.  *Id*.  The Notices of Consent also state that the Couriers used and insured their own vehicle during employment.  Docs. 12-1, 13-1, 14-1, 35-1.

With respect to pay, Plaintiffs contend in the Declarations and the Notices of Consent that Plaintiffs worked as Couriers over 40 hours a week, but Defendant did not include a non-discretionary bonus when calculating the regular hourly rate for purposes of determining the overtime rate.  Docs. 12-1 to 14-1; 15-1 to 15-3; 35-1.  The Plaintiffs also allege that they were not fully reimbursed for the expenses associated with using their personal vehicles.  *Id*.

The undersigned recommends that Plaintiff Servidori has satisfied the fairly lenient burden at least at this stage because of the important similarities with respect to the proposed class.  Plaintiff Servidori alleges that all the Couriers perform similar duties, all the Couriers are similarly compensated, and Defendant failed to properly reimburse the Couriers in violation of federal law.  The evidence regarding these factors exceeds the Court's inquiry at the notice stage of the conditional certification process.  While the Motion states that Defendant does not waive any rights or admit that individuals are similarly situated, Defendant does not oppose the Motion and there is nothing to rebut the allegation that others are similarly situated.

### C. Adequacy of Notice

Plaintiff Servidori contends that counsel for the parties conferred and have agreed on the form of notice to be sent to potential plaintiffs along with the procedures that should govern. Doc. 34 at 7. According to the Motion, the parties agree that: (1) the notice will be sent to all individuals who allegedly fall within the purported class definition via first class mail with a pre-addressed and stamped return envelope and email; (2) Defendant shall provide within 20 calendar days a list of all Couriers Defendant employed in the State of Florida during the previous 3 years who worked more than 40 hours in any workweek along with last known email and mailing address; (3) the opt-in period shall commence for a period of 75 days starting on the date Defendant provides Plaintiff with the information described *supra*; (4) Plaintiff Servidori's counsel shall be permitted to place notice on their website during the pendency of the opt-in period. *Id*. at 7-8. Plaintiff Servidori has attached the Proposed Notice and the website notice as exhibits to the Motion. Docs. 34-1, 34-2.

When permitting a party to send a notice concerning a collective action, a trial court "has a substantial interest in communications that are mailed for single actions involving multiple parties." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989). By monitoring the preparation and distribution of a notice, "a court can ensure that it is timely, accurate, and informative." *Id.* at 172. "In general, notices to potential class members in FLSA cases should contain certain information. For example, notices should include language regarding potential liability for costs and attorney's fees and appropriate definitions of the potential class." *Trentman v. RWL Commc'ns, Inc.*, 2015 WL 2062816, at *4 (M.D. May 4, 2015) (citing *Teahl v. The Lazy Flamingo, Inc.*, 2015 WL 179367, at *2 (M.D. Fla. Jan. 13, 2015)).

"[T]he notice to the class should not appear to be weighted in favor of one side or the other." *Palma v. MetroPCS Wireless, Inc.*, 2014 WL 235478, at *1 (M.D. Fla. Jan. 22, 2014). "[I]n exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffmann-La Roche*, 493 U.S. at 174.

Here, the undersigned has reviewed the Proposed Notice and has considered the proposed schedule and the means by which the Proposed Notice will be distributed. The Proposed Notice describes the action, how to join the action, the Proposed Notice's purpose, the right to join or not to join the action, and the risks and consequences of joining the action. Doc. 34-1. With two exceptions, the undersigned finds this information is adequate and provides sufficient notice to ensure that those who receive it can make an informed decision whether to join the case.

With respect to the first exception, while the undersigned recommends that Plaintiff Servidori has sufficiently shown current interest for the class and that the potential members are similarly situated, there appears to be an inconsistency between the time-period reflected in the Motion and the Proposed Notice. In the Motion, filed on November 30, 2022, Plaintiff Servidori seeks to certify a class of individuals employed in the previous 3 years, but the Proposed Notice informs that "[a]ll current and former Couriers who worked in Florida since August __, 2019 are potential members of the case." Docs. 34, 34-1. That is more than 3 years. The discrepancy presumptively exists because the original motion seeking class certification was filed back on September 1, 2022.

Nonetheless, the inconsistency in what Plaintiff currently moves for in the November 30, 2022 Motion and the Proposed Notice exists. Since Plaintiff Servidori only pleads that Defendant

employed the Couriers throughout Florida during the past 3 years (Doc. 1 at 1), the undersigned recommends the period should be limited to that duration—the duration the Motion seeks—and the Proposed Notice should be edited accordingly. *See Soto v. Recycle Techs. Int'l., Inc.*, 2011 WL 2910498, at *2 (M.D. Fla. July 19, 2011) (declining to certify a class for the 3 years preceding the filing of the complaints because the allegations in the complaint and the affidavits did not support unpaid wage and overtime claims beyond the preceding year).

Second, the undersigned questions the propriety of including counsel's website in the notice. The Proposed Notice includes the following language:

> The law firm USA Employment Lawyers - Jordan Richards, PLLC currently represents Mr. Servidori and other Couriers in this lawsuit and offers to represent all current and former Couriers who want to participate in the litigation. More information about USA Employment Lawyers –Jordan Richards, PLLC, its practice and experience is available on the internet at www.usaemploymentlawyers.com or by calling **954-871-0050**.

Doc. 34-1 at 5 (emphasis in the original).

While Plaintiff Servidori has attached the website notice to be posted on counsel's website (Doc. 34-2), the Court does not otherwise have knowledge of the content of that website, which is problematic because the website address is included within a court-authorized notice. *See Czopek v. TBC Retail Group, Inc.*, 2015 WL 4716230, at *10 (M.D. Fla. Aug. 7, 2015) (finding that reference to counsel's website was inappropriate because the Court did not know what the websites may contain and the Court "[would] not allow counsel to refer to them in a court-authorized notice."). Also, even though Defendant does not object, the undersigned agrees with other courts that have determined that the inclusion of the website information can appear to be an endorsement of the content of the website. *See e.g., Dean v. W. Aviation, LLC*, 2018 WL 1083497 at *3 (S.D. Fla. Feb. 28, 2018) (finding that reference to the plaintiff's counsel's website in a court authorized

notice can give the appearance of a judicial endorsement of the content on that website) (citing *Czopek*, 2018 WL 4716230, at *10).

In light of these concerns and the fact that the Proposed Notice already provides—three times—potential class members with the counsels' names and email addresses along with the name, location, and phone number for the firm, the undersigned recommends that the website information be removed from the notice.

### IV.   Conclusion

Based on the foregoing, the undersigned **RECOMMENDS** that:

1. the Motion (Doc. 34) be **GRANTED in part** to the extent that the request for conditional certification be granted and the Court find that the Proposed Notice is adequate and may be disseminated in the manner described in the Motion if the recommended changes are made to the document; and
2. the remainder of the Motion (Doc. 34) be **DENIED**.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. § 636(b)(1)(C).  A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on January 5, 2023.

Copies furnished to:
Presiding District Judge
Courtroom Deputy

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE