UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JAMES SERVIDORI,**

        **Plaintiff,**

v.                                                        **Case No: 6:22-cv-1475-DCI**

**NOMI HEALTH, INC.,**

        **Defendant.**

## ORDER

Pending before the Court is the parties' Joint Motion for Court Approval of FLSA Collective Settlement Agreement (Settlement Agreement) and Request for Order of Dismissal with Prejudice. Doc. 89 (the Motion). Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982), the parties request that the Court approve the settlement as a fair and reasonable resolution of a bona fide dispute of the FLSA issues. *Id*. at 3.

Before ruling on the Motion, the Courts finds that supplemental briefing is necessary. Specifically, the parties have not addressed the Opt-in Plaintiffs' ability to object to the settlement. That opportunity is significant because "the majority of the courts approve a settlement only after notice has been provided to the opt-in plaintiffs and a fairness hearing conducted, or at the least, what is required is a statement to the court that the opt-in plaintiffs have had notice of the settlement and an opportunity to object." *Goldsby v. Renosol Seatings, LLC*, 2013 WL 6535253, at *10 (S.D. Ala. Dec. 13, 2013) (citations omitted).

Here, the Settlement Agreement includes the following:

• 1.12  Mr. Servidori has authority from each member of the respective Settlement Collectives to negotiate and resolve these claims.

> •2.7 After consultation with their counsel, each Plaintiff has independently determined that the settlement represents a bona fide compromise of their claims.
>
> • 8.1  The signatories hereby represent that they are fully authorized to enter into this Agreement. In particular, Counsel for the Settlement Collectives represents that the Representative Plaintiff and the Settlement Collectives have authorized them to enter this Agreement and to bind all of them to the terms and conditions set forth herein.

89-1 at 5, 6, 10.

Based on these terms, it appears that the Opt-in Plaintiffs agree to settle, but the Court has concerns because James Servidori (Servidori) and Defendant are the only signatories to the Settlement Agreement, and the terms do not explicitly reflect that the Opt-in Plaintiffs were given the ability to object before they gave counsel authorization to enter into the Settlement Agreement on their behalf.  *See* 89-1.  The parties do not state in the Motion whether notice and a period of objection occurred or if it is their position that it was unnecessary because of the authorization.[1] Without clarification, the Court is not convinced that approval of the settlement under *Lynn's Food* is appropriate.

The Court recognizes that the Opt-in Plaintiffs signed Notices of Consent that "designate" Servidori to "make all decisions" on behalf of the Opt-in Plaintiffs "concerning the method, and manner of conducting the case including settlement, the entering of an agreement with [Servidori's] counsel regarding payment of attorney's fees and court costs, and all other matters pertaining to this lawsuit." *See e.g.*, Doc. 77-1.  The Court, however, is not persuaded that the

---

[1] Further, even if the Opt-in Plaintiffs gave Servidori authorization to resolve the claims, the Court questions whether that permission covers the ability to represent in the Settlement Agreement that the Opt-in Plaintiffs "independently determined that the settlement represents a bona fide compromise of their claims." *See* Doc. 89-1. Since the Opt-in Plaintiffs did not sign the Settlement Agreement and there is no information regarding their review, the Court has concerns regarding the validity of that term.

Notices of Consent are dispositive. *See Maar v. Beall's, Inc.*, 2017 U.S. Dist. LEXIS 89037, at *4 (S.D. Fla. June 8, 2017) ("I do not agree that simply because Plaintiffs have opted-into the action and have authorized their counsel to make strategic decisions on their behalf, they have forfeited their right to object to the Settlement Agreement."); *see also Gomory v. City of Naples*, 2016 WL 4445848, at *4 (M.D. Fla. Aug. 24, 2016 (finding that even though each consent authorized the named plaintiff and counsel to represent the opt-in plaintiffs in the lawsuit and to negotiate settlement, "to the extent this provision (or any other) purports to authorize [the named plaintiff] and his counsel to settle—perhaps even compromise—the opt-ins' claims without at least informing them of the proposed settlement terms and soliciting any objections, it may very well be void as against public policy, especially since consent can always be revoked.").

The possible lack of an objection opportunity seems especially problematic in this case because of the payment structure. According to the Settlement Agreement:

> 4.4  In the event any Plaintiff does not cash the settlement check(s) distributed within 90 days ("Cashing Period"), any remaining uncashed checks shall be cancelled, and the funds promptly returned to Defendant. Requests for re-issues can be made, if necessary, during the Cashing Period. However, requests for re-issues made after the Cashing Period expires will not be processed.

Doc. 89-1 at 10.

Without notice of settlement and its terms, the Opt-in Plaintiffs may be unaware of the deadline to cash the checks and the preclusive effect of failing to do so during the allotted time-period. So, regardless of the Opt-in Plaintiffs' initial consent to allow Servidori to negotiate and resolve the matter, it seems notice of the settlement terms along with an appropriate opportunity to object is still necessary to ensure that the settlement is fair.

Accordingly, it is hereby **ORDERED** that **on or before March 25, 2024** the parties are directed to file a joint supplement with citation to authority to address whether the Court should

require Servidori and Defendant to either provide (1) a notice of settlement to the Opt-in Plaintiffs with opportunity to object before the Court conducts a fairness hearing; or (2) a clearer statement to the Court confirming that the Opt-in Plaintiffs have been provided with notice of the settlement and its terms and an adequate opportunity to object.

**DONE AND ORDERED** in Orlando, Florida on March 12, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties